## Popp v. Harleysville Mutual Casualty Co.

562

Before McKenrick, Griffith and McDonald, JJ.

*Smorto & Creany*, for plaintiffs.

*Myers, Taylor & Peduzzi*, for defendant.

McDONALD, J., September 14, 1959.—Steve Popp, Jr., one of plaintiffs, while a passenger in an automobile owned by Frank Yosie, sustained certain injuries for which the medical· expenses amounted to $426. At the time of the accident there was in effect a family combination automobile policy issued by defendant to plaintiffs as coöwners of a 1956 Chevrolet sedan. Julia Bubenko Popp, one of plaintiffs, who is named as an insured in the policy, has no claim in this action, so we will hereinafter refer to Mr. Popp as "plaintiff".

Plaintiff's medical expenses have been paid by the Hartford Accident and Indemnity Company, hereinafter referred to as Hartford, insurance carrier on the Yosie automobile, under the coverage of its insurance policy providing for "Expenses for Medical Services".

Plaintiff has filed a complaint against defendant claiming that payment must be made under part II of the policy issued by defendant which provides for medical payments up to $500. Responsive pleadings have been filed establishing the above facts. Plaintiff has filed a motion for judgment on the pleadings, which after argument and submission of briefs, is now before the court for disposition.

The policy issued by defendant to plaintiff contains a provision entitled "Part II — Expenses for Medical Services". A separate premium has been charged for this coverage and paid by plaintiff. The pertinent paragraphs under part II of the policy are as follows:

"COVERAGE C — MEDICAL PAYMENTS—To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, sur-

gical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"DIVISION 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident, while occupying or through being struck by an automobile;

"DIVISION 2. To or for any other person who sustains bodily injury, caused by accident, while occupying

"(a) the owned automobile, while being used by named insured, by any resident of the same household or by any other person with the permission of the named insured; or

"(b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative and it is a private passenger automobile or trailer not regularly furnished for the use of such relative.

"OTHER INSURANCE: The insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance".

It is noted in the policy issued to Yosie by Hartford, appended to plaintiff's brief, that the medical payments clauses are identical with those in defendant's policy with the exception that under the section entitled "Other Insurance" a "pro-rata" clause has been added to the "excess insurance" clause.

Plaintiff claims he is entitled to payment under division 1 of the above quoted medical payments coverage, notwithstanding he has received payment in full of his medical expenses from Hartford under the medical

payments coverage in that company's policy on the Yosie automobile. He argues that the section of defendant's policy entitled "Other Insurance" applies only to division 2 of the medical payments coverage and not to division 1.

Defendant contends, however, the provision is a general one relating to both divisions 1 and 2. Therefore, since plaintiff has received payment as the primary obligation of Hartford since he was injured in an automobile covered by that company's policy, the liability of defendant is limited to "excess insurance" over and above the amount of coverage in the Hartford policy. Since the last mentioned policy covered all the medical expenses of plaintiff, defendant argues the excess insurance clause is not operable.

If plaintiff were entitled to payment of his medical expenses, it must be under division 1 of part II of the policy issued by defendant since he is a named insured and has sustained bodily injury while occupying "an automobile".

It is clear from an examination of the position of the paragraphs under part II of the policy that the section entitled "Other Insurance" is separate and apart from division 2 and therefore intended to be a limitation to the entire medical payments coverage, or both divisions 1 and 2. If this section were intended to apply only to division 2, it most certainly would have been printed as a subsection under that division and probably entitled paragraph "(c)" following in logical order paragraph "(a)" and "(b)" which set forth the coverage of that division.

In order to understand the meaning of the disputed section, we must review the definitions of the vehicles to which the medical payments coverage extends. There are three types of vehicles defined in the policy generally as follows:

"Owned automobile means a private passenger or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile.

"Temporary substitute automobile means any automobile or trailer while temporarily used as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

"Non-owned automobile means an automobile or trailer not owned by the named insured or any relative, other than a temporary substitute automobile."

Under the declarations page of the policy the "owned automobile" is a 1956 Chevrolet sedan. A "temporary substitute automobile" comes within this category when the "owned automobile" is withdrawn from normal use because of breakdown, repair, servicing, loss or destruction.

Plaintiff contends that the section entitled "Other Insurance" is limited to medical expenses arising as a result of injuries occurring in a "temporary substitute automobile" or "non-owned automobile" and since no such limitation appears in division 1, it therefore does not apply. We note, however, in reading division 2 which provides for medical payments to "any other person" than the insured, the words "temporary substitute automobile" likewise do not appear. This argument therefore is not a convincing one.

Division 1 provides the insured may recover his medical expenses if injury occurs "while occupying or through being struck by an automobile". Thus, in addition to providing coverage for injuries resulting from an accident involving "an automobile" generally, it also extends to the owned automobile, a temporary substitute automobile or a non-owned automobile, provided it is not owned by the name insured or a relative. Since it is highly unlikely the insured would have two policies covering the same automobile, it was unneces-

sary in the "Other Insurance" section to mention the owned automobile. However, where the injuries occur in a temporary substitute or non-owned automobile there may be other insurance issued to the owner of that automobile and providing for medical payments to one injured in the automobile. In such case, the company issuing that policy would be primarily liable for the medical payments just as defendant company would be primarily liable under division 2 of its policy for the medical payments resulting from injuries to other persons in the "owned automobile" under the policy.

In the case at bar, the non-owned automobile in which plaintiff was a passenger at the time the injury occurred was covered by a policy issued by Hartford. Since this policy had a medical payments provision, the medical expenses were paid to plaintiff under division 2 of that coverage. This then was the "Other Insurance" referred to in that section of the policy issued by defendant. Since payment was made under another policy, defendant's liability was limited to excess insurance, or payments over and above the limits of the Hartford policy. Since that policy covered all medical expenses, there is no valid claim against defendant.

It is hornbook law that contracts of insurance, like other contracts, must receive a practical, reasonable and fair interpretation, consonant with the apparent object and intent of the parties. In this case it does not seem to be a reasonable or fair construction of the policy to hold that defendant is liable to pay other than excess insurance when another company is primarily liable and has paid the claim. That just such a contingency would arise in cases where the insured (under division 1) or other persons (under division 2) were injured in a temporary substitute automobile or non-owned automobile was clearly anticipated in the section entitled "Other Insurance". We are satisfied defend-

ant clearly and without ambiguity provided against such claims.

We therefore make the following

*Order*

Now, September 14, 1959, after argument, consideration of briefs and the pleadings, it is hereby ordered and decreed that judgment be entered in favor of defendant and the complaint of plaintiff be dismissed.